**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

WayCool Manufacturing LLC, a Minnesota Limited Liability Corporation,

Civil File No. 01-1215 DWF/AJB

Plaintiff,

vs.

Patterson Fan Company, Inc., a South Carolina Corporation,

Defendant,

and

Patterson Fan Company, Inc., and Patterson Ventilation Company, Inc.,

Third-Party Plaintiffs,

vs.

Robert E. Johnson and Janice A. Johnson, individuals domiciled in Florida,

Third-Party Defendants.

**REPORT AND RECOMMENDATION ON THIRD-PARTY DEFENDANTS' MOTION TO DISMISS**

---

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on the motion of third-party defendants Robert Johnson and Janice Johnson (Johnsons), for dismissal pursuant to various provisions of Fed. R. Civ. P. 12(b). [Docket No. 9] Hearing on the motion was held on October 9, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. Third-party defendants Robert E. Johnson, pro se, and Janice A. Johnson, pro se, appeared by telephone on their own behalf. David A. Pearson, Esq., appeared on behalf of the third-party plaintiffs, Patterson Fan Company, Inc., and Patterson Ventilation Company, Inc.

FILED OCT 19 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

(Patterson).[1] The matter has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. §636(b)(1).

Third-party defendants in this matter seek dismissal of a third-party complaint which alleges third-party defendants' liability for damages based upon contribution and indemnity to the extent defendant is found liable for damages incurred by the plaintiff WayCool Manufacturing, LLC. The initial underlying complaint alleges federal and state statutory causes of action and common law claims arising out of plaintiff's asserted rights and interests relating to portable evaporative cooling units. Plaintiff contends that it had obtained those rights and interests pursuant to an Asset Purchase Agreement and an Exclusive License Agreement which were executed by Robert E. Johnson and Janice A. Johnson. Defendant and third-party plaintiff Patterson likewise contends that it was given certain rights and interests in the evaporative cooling units as a party to a Private Express License Agreement executed by the Johnsons. Patterson seeks contribution and/or indemnity from the Johnsons, alleging that any liability that may be charged to it on the claims of WayCool Manufacturing LLC are the result of third-party defendants' material misrepresentations regarding their right and ability to grant a license to Patterson. The Johnsons' now move to dismiss pursuant to Fed. R. Civ. P. 12(b) based upon the Court's lack of subject matter jurisdiction, Rule 12(b)(1); lack of personal jurisdiction over the

---

[1] Patterson Fan Company, Inc. is the named defendant in this action. The third-party complaint alleges that Patterson Ventilation Company, Inc. is a sister company to Patterson Fan and expects to be named as a defendant in the suit. The pleading indicates that certain counts asserted in the underlying complaint actually involve contractual relationships between the Johnsons and Patterson Ventilation though they are alleged as being contractual relationships between the Johnsons and Patterson Fan. For purposes of the present motion the distinction is not critical. However, the parties are herein advised to promptly take measures, either by stipulation or motion to amend, to ensure that claims are properly asserted by and against the appropriate parties.

third-party defendants, Rule 12(b)(2); improper venue, Rule 12(b)(3); and failure to state a claim upon which relief can be granted, Rule 12(b)(6).[2] For the reasons discussed below, it is recommended that third-party defendants' motion to dismiss the third-party complaint be denied.

## DISCUSSION

**Subject Matter Jurisdiction**

**Fed. Rule Civ. P. 12(b)(1).** Third-party defendants move for dismissal of claims against them based upon their contention that the Court lacks jurisdiction over the subject matter of the third-party claims. Venue provisions of the United States Code, 28 U.S.C. §1391(a) and (c) and 28 U.S.C. § 1400(a) and (b) are cited in support of the motion to dismiss for lack of subject matter jurisdiction. The initial complaint against defendant Patterson Fan that was served and filed by WayCool Manufacturing LLC alleges trademark violations under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and asserts jurisdiction under provisions of the Lanham Trademark Act at 15 U.S.C. § 1121; federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338; and diversity jurisdiction under 28 U.S.C. § 1332, where plaintiff is a Minnesota corporation, defendant is a South Carolina company, and the amount in controversy exceeds $75,000. Each of the above cited jurisdictional statutes explicitly confers original jurisdiction in the district courts for civil actions under the specified circumstances. With respect to each and every one of

[2] At hearing on this matter the moving parties suggested that their motion may be construed as a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(b) provides that under certain circumstances a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56, with all parties being given reasonable opportunity to present pertinent material. Rule 12(b) provides no basis for treatment of the jurisdiction and venue issues under Rule 56, and for reasons that will be discussed in the context of Rule 12(b)(6), the Court finds no requirement or justification for considering the present motion to dismiss to be a Rule 56 motion in any respect.

the asserted bases for subject matter jurisdiction in this instance, including the trademark, federal question, and diversity provisions, the Court concludes that a *prima facie* showing of subject matter jurisdiction has been made and has not been rebutted in any manner. Third-party defendants' motion to dismiss for lack of such jurisdiction over the underlying action should be denied. In addition, the Court concludes that it has supplemental jurisdiction over the third-party claims in this action pursuant to 28 U.S.C. § 1367(a). The third-party complaint seeks contribution and indemnity for damages relating to patent rights in a single specified product and license agreements involving the product and all of the parties currently in this litigation, such that the third-party claims essentially form part of the same case or controversy that is set forth in the original complaint. Under these circumstances the District Court is a proper forum for determination of all claims relating to this case and exercise of supplemental jurisdiction is appropriate. Zimmerman Group v. Fairmont Foods of Minnesota, 882 F.Supp. 892, 896 (D.Minn. 1994).

**Personal Jurisdiction**

**Fed. Rule Civ. P. 12(b)(2).** Third-party defendants Robert and Janice Johnson are currently residents of Florida. They assert in conclusory and unembellished fashion that the United States Court for the District of Minnesota does not have personal jurisdiction over them without the Court having subject matter jurisdiction. Third-party plaintiffs contend that personal jurisdiction over the Johnsons exists as a consequence of third-party defendants having sufficient minimum contacts with Minnesota as manifested by the license agreement between plaintiff WayCool Manufacturing LLC and Johnsons which explicitly provides that exclusive jurisdiction and venue for proceedings relating to the license shall lie in Hennepin County, Minnesota. In

addition, third-party defendants have recently availed themselves of the resources and protections of the United States District Court for the District of Minnesota as plaintiffs in a patent and trademark action against WayCool Manufacturing LLC,[3] and by removal of a Minnesota state court action to United States District Court for the District of Minnesota.[4]

A federal court's jurisdiction over a non-resident party is determined through application of a two-step test. Soo Line Railroad Co. v. Hawker Siddeley Canada, Inc., 950 F. 2d 526, 528 (8th Cir. 1991). First, the court asks whether the exercise of jurisdiction is permitted under the forum state's long-arm statute, and second, the court considers whether the exercise of jurisdiction comports with constitutional due process. Zumbro, Inc. v. California Natural Products, 861 F.Supp. 773, 777 (D. Minn. 1994) citing Morris v. Barkbuster, Inc., 923 F.2d 1277, 1280 (8th Cir. 1991). Third-party defendants do not contend that the long-arm statute is ineffective in this instance, and since Minnesota's long-arm statute, Minn. Stat. §543.19 subd. 1(b) extends jurisdiction to the fullest extent permitted by due process, the test is simply whether the exercise of personal jurisdiction conforms with due process. Zumbro, Inc., 861 F.Supp. at 777, citing Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994).

Due process is satisfied when a defendant consents to personal jurisdiction through a contract containing a valid choice of forum clause. St. Paul Fire and Marine Ins. Co. v. Courtney Enterprises, Inc., __ F.3d __ (8th Cir. 2001) quoting Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001). Paragraph 24 of the Exclusive Licensing

---

3 Johnson v. WayCool Manufacturing LLC, District of Minnesota Civil File No. 00-2440 (JMR/FLN).

4 WayCool Manufacturing LLC v. Johnson, District of Minnesota Civil File No. 01-337 (DWF/AJB) (remanded to Hennepin County District Court after removal).

Agreement[5] executed by the Johnsons as licensors states their agreement whereby the "exclusive jurisdiction over any controversy or claim arising out of or relating to this License, and venue for any proceeding related hereto, shall be exclusively with and in Hennepin County, Minnesota . . ." Agreement to such forum selection clause constitutes implied consent to be sued in Minnesota. St. Paul Fire and Marine Ins. Co. v. Courtney Enterprises, Inc., __ F.3d __ , and is enforceable unless it is invalid or enforcement would be unreasonable and unjust. Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d at 726. It is clear in this instance that the claims in the initial complaint arise out of and relate to the exclusive licensing agreement, and claims for contribution and indemnity likewise rest upon terms of the licensing agreement. Enforcement of the forum selection clause under these circumstances would be neither unreasonable nor unjust. Such exercise of jurisdiction would not be random, fortuitous, or be based upon attenuated circumstances, or the unilateral activity of another party, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 2183 (1985), and would not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945) quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 342 (1940). Third-party plaintiff's motion to dismiss for lack of personal jurisdiction should be denied.

**Venue**

**Fed. R. Civ. P. 12(b)(3).** Third-party defendants have moved for dismissal based upon the assertion that pursuant to 28 U.S.C. § 1400(a) and (b), the District of Minnesota is a improper venue to adjudicate the case. 28 U.S.C. § 1400(a) and (b) essentially provide that civil actions relating to intellectual property rights may be brought in the district where the defendant

---

[5] Affidavit of David Pearson, Exh. A.

resides or has committed acts of patent infringement and has a place of business. Third-party defendants contend that defendant Patterson is not a resident and is not incorporated in Minnesota. This assertion of Section 1400 as applicable law is without merit. 28 U.S.C. § 1400 is not an exclusive basis for venue, and 28 U.S.C. § 1391(b) explicitly provides that when diversity of citizenship is not the sole basis for jurisdiction, venue is proper in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Minnesota Mining and Manufacturing Co. v. Rauh Rubber, Inc., 943 F.Supp. 1117, 1125 (D. Minn. 1996). Venue, like personal jurisdiction, is a subject of the Exclusive Licensing Agreement which was executed by the third-party defendants as discussed above. Again, the Court finds no barrier to prosecution of claims directly arising out of and relating to a licensing agreement pursuant to which parties in the case at issue have consented to venue, essentially waiving objections which are not based upon subject matter jurisdiction. Venue of this action is Minnesota is appropriate and third-party defendants' motion to dismiss for improper venue of the Court should be denied.

**Failure to State a Claim**

**Standard of Review.** Third-party defendant moves to dismiss the third-party claims under Rule 12(b)(6), failure to state a claim upon which relief can be granted. Third-party defendants' written motion refers only to provisions of Fed. R. Civ. P. 12(b) as a basis for dismissal. As previously noted, the moving parties made reference in oral argument to Fed. R. Civ. P. 56 summary judgment as a basis for disposition of this matter, presumably based upon the introduction of extraneous materials for consideration by the court. However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside

the complaint if such materials are "necessarily embraced" by the pleadings. Piper Jaffray v. National Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997) citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D.Minn. 1996). See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997). The only operative extraneous documents that have been offered for consideration by the Court, and which the Court has indeed reviewed with respect to this motion, are documents entitled "Exclusive License Agreement" and "Asset Purchase Agreement" which are attached as exhibits to the Affidavit of David P. Pearson and submitted in opposition to the motion to dismiss; a "Private Express License Agreement," attached as an exhibit to the third-party complaint; and a "Notice of Termination, Cancellation and Revocation" which is attached as an exhibit to third-party defendants' motion to dismiss. In this instance the Court finds that the referenced documents are in fact necessarily embraced by the pleadings and may properly be considered without converting the motion now under consideration into a motion for summary judgment under Fed. R. Civ. P. 56. The motion to dismiss is therefore reviewed pursuant to Fed. R. Civ. P. 12(b)(6). A case should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [plaintiff] to relief." Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992), citing Conley v. Gibson, 78 S.Ct. 99, 101-02 (1957).

The original complaint by WayCool Manufacturing LLC against Patterson states counts for unfair competition under Lanham Act, 15 U.S.C. §1125(a) and false patent marking within the meaning of 35 U.S.C. § 292. Each of these statutes explicitly provides that a civil action may be brought by any person to recover damages from persons committing acts which are proscribed under the statutes. Patterson's third-party complaint alleges a claim for contribution

and indemnity from third-party defendants to the extent that Patterson may be found liable under claims stated in the first complaint. Review of the "Exclusive Licensing Agreement" between the Johnsons and WayCool Manufacturing, and the "Private Express License Agreement" between the Johnsons and Patterson, reveals that the both documents relate to licensing of United States Patent # 5,857,350, issued January 12, 1999, and covering certain evaporative cooling systems. The "Private Express License Agreement" contains an express indemnification clause. Third-party defendants present no explanation or argument with respect to their contention that the third-party complaint fails to state a cause of action and the Court finds no legal or factual basis for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Third-party plaintiff's motion to dismiss for failure to state claim upon which relief can be granted should be denied.

**Capacity to Sue**

By way of affidavit in support of Motion to Dismiss third-party defendants allege that WayCool Manufacturing LLC does not have capacity to sue Patterson, ostensibly as a consequence of a "Notice of Termination, Cancellation and Revocation" whereby Johnsons purportedly invalided WayCool Manufacturing LLC's license to manufacture and market the product described in United States Patent No. 5,857,350 dated January 12, 1999. This contention is not directly asserted as a basis for dismissal in the Motion to Dismiss, and the affidavit reference to Fed. R. Civ. P. 9(a) suggests that third-party defendants are merely alleging that capacity to sue is an issue in this action. Rule 9(a) pertains to requirements for averring special matters in the pleadings. To the extent that third-party defendant seek to allege any such matters, the allegations should be asserted in their answer to the third-party complaint.

**RECOMMENDATION**

For the reasons stated above, it is hereby **recommended** that third-party defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1)(2)(3) and (6) be **denied** [Docket No. 9]. Third-party defendants should be required to answer the third-party complaint.

Dated: 10/19/01

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 5, 2001.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.