**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

| | |
|---|---|
| WAYCOOL MANUFACTURING LLC,<br>a Minnesota limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>PATTERSON FAN COMPANY, INC.,<br>a South Carolina corporation,<br><br>Defendant. | Civil No. 01-1215 DWF/AJB<br><br>**ORDER** |
| PATTERSON FAN COMPANY, INC., and<br>PATTERSON VENTILATION COMPANY, INC.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>ROBERT E. JOHNSON AND JANICE A. JOHNSON,<br>individuals domiciled in Florida,<br><br>Third-Party Defendants. | |

This case came before the Court on Plaintiff's motion for leave to amend to name additional defendants. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion is granted in part and denied in part [Docket No. 23];

2. Insofar as it seeks leave to amend to name The Patterson Group, Inc., the motion is denied;

FILED DEC 2 1 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

3. Insofar as it seeks leave to amend to name Patterson Ventilation Company, Inc., the motion was not opposed and is therefore granted;

4. Insofar as it seeks leave to amend to name Vance Patterson, the motion is granted in part and denied in part;

5. Vance Patterson may be added as a defendant with respect to all causes of action except the claim for unjust enrichment.

Dated: 12/21/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

After an answer has been filed in a case, a party may amend their pleading only by leave of court and leave shall be given when justice so requires. FED. R. CIV. P. 15(a). Justification for denying a motion to amend includes futility of the amendment. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). However, futility should not be the basis for denying a motion to amend unless the new claim is clearly frivolous. Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999).

Here, Plaintiff seeks leave to amend the complaint to add (1) The Patterson Group, Inc. ("Patterson Group"), (2) Patterson Ventilation Company, Inc. ("Patterson Ventilation") and (3) Vance Patterson. To the extent that the motion seeks to add Patterson Ventilation, there is no opposition. Therefore, the only issue is whether Patterson Group and Vance Patterson may be properly added as defendants.

In opposing the addition of Patterson Group, Defendant represented (in its brief) that Patterson Group is, in no way, related to Patterson Fan Company, Inc. or Patterson Ventilation. At oral argument, Plaintiff was not satisfied that Defendant had presented enough evidentiary support for its contention. The Court allowed Defendant time to supplement the record before ruling on the motion. Defendant has since supplemented the record with the affidavit of Vance Patterson (Docket No. 33), which states that Patterson Group is, in no way, related to Patterson Fan Company, Inc. or Patterson Ventilation. The Court is satisfied with this evidence and based upon it, denies Plaintiff's motion insofar as it relates to Patterson Group.

In opposing the addition of Vance Patterson, Defendant argues that, because Mr. Patterson was acting in his capacity as a corporate officer, he cannot be added unless the conditions are met to pierce the corporate veil.[1] The Court disagrees. A corporate officer who participates in the commission of a tort by the corporation is personally liable therefor. Piper Jaffray Companies, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania, 967 F. Supp. 1148, 1158 (D. Minn. 1997) (citing Morgan v. Eaton's Dude Ranch, 239 N.W.2d 761 (Minn. 1976)); see also Ford Motor Co. v. B&H Supply, Inc., 646 F.Supp. 975, 989 (D. Minn. 1986).[2]

All of Plaintiff's claims sound in tort, except the claim for unjust enrichment. Unjust enrichment, although an equitable principle, is more a creature of contract than tort. There have

---

[1]He also argued (in the brief) that he should not be added because this Court cannot establish personal jurisdiction over him. The Court will not address this argument because, at oral argument, defense counsel conceded that the personal-jurisdiction issue is better left for a Rule 12 motion.

[2]Although Count I is based on a federal statute, state law dictates whether a corporate officer is liable under that statute, unless the statute explicitly speaks upon the matter. U.S. v. Bestfoods, 524 U.S. 51, 62-63, 118 S.Ct. 1876, 1885-86, 141 L.Ed.2d 43 (U.S. 1998). The Lanham Act does not speak to the liability implications of being a corporate officer.

been no facts alleged that would support a claim based on the theory of unjust enrichment. The Court concludes that Vance Patterson may be added as a defendant with respect to all causes of action except the claim for unjust enrichment.

AJB