IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| WayCool Manufacturing LLC, A Minnesota Limited Liability Corporation, | ) | |
| Plaintiff, | ) | Civil 01-1215 (DWF/AJB) |
| v. | ) | |
| Patterson Fan Company, Inc., and Patterson Ventilation Company, Inc., South Carolina Corporations, | ) | |
| Defendants, | ) | |
| Patterson Fan Company, Inc., and Patterson Ventilation Company, Inc. | ) | |
| Third Party Plaintiffs, | ) | |
| v. | ) | |
| Robert E. Johnson and Janice A. Johnson, Individuals domiciled in Florida, | ) | |
| Third Party Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

The plaintiff WayCool Manufacturing, Inc. ("WayCool") and the defendants Patterson Fan Co., Inc. ("Patterson Fan") and Patterson Ventilation Co., Inc. ("Patterson Ventilation") hereby stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following Protective Order may be entered by the Court:

1. **Introduction and Scope.**

This Stipulated Protective Order shall govern any designated information produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials (whether

APR 05 2002
FILED ____________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal method of discovery). This Protective Order also shall govern any designated information produced in this action pursuant to required disclosures under any federal procedural rule or District of Minnesota Local Rule, and any supplementary disclosures thereto. This Protective Order shall apply to any third party discovery in the present action to the extent that any third party agrees to be bound by this Protective Order.

**2. Designation.**

Each party shall have the right to designate as confidential and subject to this Protective Order any information, document or portion of any document produced by it in this litigation which contains trade secrets or other confidential technical, business or financial information. This designation shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without such legend, by promptly furnishing written notice to the receiving party that the information or document shall be CONFIDENTIAL under this Protective Order. With respect to all materials provided for inspection by a party's counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by the party's counsel shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

**3. Limit On Use And Disclosure Of Designated Information.**

Each party and all persons bound by the terms of this Protective Order shall use any information or document governed by this Protective Order only for the purpose of prosecution

or defense of this action. Particularly, and without limitation, neither party and no person bound by the terms of this Protective Order shall use any information or document that is provided in this action and governed by this Protective Order for any purpose other than in connection with the prosecution or defense of this action. No party or other person shall disclose or release to any person not qualified under this Protective Order any information or document governed by this Protective Order for any purpose, or to any person qualified under this Protective Order for any purpose other than the prosecution or defense of this action. In addition, CONFIDENTIAL documents and information designated by one party hereunder shall not be brought to or discussed on the business premises of the other party. It is, however, understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated as CONFIDENTIAL produced by the opposing party provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with opposing counsel. The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to insure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

**4. <u>Confidential Materials.</u>**

Except as otherwise provided by written stipulation of the parties or by further Order of the Court, documents or information containing sensitive confidential or proprietary technical, business or financial information of a party may be designated by that party as CONFIDENTIAL. CONFIDENTIAL documents and information shall be disclosed by the recipient thereof only to (a) the attorneys and counsel of record for the parties to this action, and their staff; (b) the Court, Court personnel and Court reporters as provided in paragraph 10 below;

(c) experts retained by the parties or their attorneys for purposes of this litigation pursuant to paragraph 5 below, who are not employees of the parties and who first agree to be bound by this Stipulated Protective Order; and (d) graphics or design services, jury consultants, translators or copy services retained by the parties or counsel who first agree to be bound by this Stipulated Protective Order. No documents or information designated as CONFIDENTIAL shall be disclosed to the persons or services identified in clauses (c) or (d) of the preceding sentence until such person or service has executed a written Confidentiality Undertaking acknowledging and agreeing to be bound by the terms of this Protective Order in the form set forth in Exhibit A hereto. In the case of a graphics, design or copy service, it is agreed that the Confidentiality Undertaking can be executed by an authorized representative, which shall be valid for all employees of the graphics, design or copy service. Copies of such Confidentiality Undertakings shall be promptly served on the producing party. No documents or information designated as CONFIDENTIAL shall be disclosed to any person other than the foregoing except by written stipulation of the parties or by further Order of the Court.

5. **Identification of Experts.**

If any party desires to give, show, make available or communicate documents or information designated as CONFIDENTIAL to any expert consultant pursuant to paragraph 4 above, it must first identify in writing the expert consultants to whom it intends to give or disclose such documents or information to the attorneys for the other parties, who shall have ten (10) business days from receipt of such notice to object to disclosure to any of the experts so identified. Such identification shall include, at least, the full name and professional address and/or affiliation of the proposed expert, and an up-to-date curriculum vitae of the expert identifying at least all other present and prior employments or consultancies of the expert. The

parties shall attempt to resolve any objections informally. In the event objections are made and not resolved informally, either party may seek relief from the Court pursuant to the normal motion practice and disclosure of CONFIDENTIAL documents to the expert shall not be made except by Order of the Court.

6. **Related Documents.**

Documents and information designated as CONFIDENTIAL shall include (a) all copies, extracts and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts or summaries; (d) deposition testimony designated in accordance with paragraph 7 below; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with paragraph 8 below.

7. **Designation Of Deposition Transcripts.**

Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) at the time of such deposition, in such case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter as CONFIDENTIAL, as the designating party may direct; or (b) within fourteen (14) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party. All deposition transcripts not previously designated shall be deemed to be, and shall be treated as, CONFIDENTIAL for a period of fourteen (14) days after receipt of the transcript, and the

transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraph 4 above. The designating party shall have the right to exclude all persons other than those persons previously qualified to receive CONFIDENTIAL information pursuant to paragraph 4 above, and who have executed a Confidentiality Undertaking in the form of Exhibit A hereto, from a deposition before the taking of testimony which the designating party designates as CONFIDENTIAL under this Protective Order.

**8. Designation Of Hearing Testimony Or Argument.**

With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL information, before such disclosure, counsel may designate on the record that the disclosure is CONFIDENTIAL. Whenever matter designated as CONFIDENTIAL is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may have excluded from the room any person who is not entitled under this Order to receive information designated as CONFIDENTIAL.

**9. Disclosure To Author Or Recipient.**

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document designated as CONFIDENTIAL to any person whom the document clearly identifies as an author or recipient of such document.

**10. Designation Of Documents Under Seal.**

Any information or documents designated as CONFIDENTIAL, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes any information or document subject to this Protective Order shall

file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the party filing the materials, the nature of the materials filed, the legend CONFIDENTIAL and a statement substantially in the following form:

> This envelope contains documents subject to a Protective Order of the Court. It should not be opened nor its contents disclosed, revealed or made public except by Order of the Court or written agreement of the parties.

At the conclusion of this case, any materials filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition as provided in paragraph 16 below.

**11. <u>Confidentiality Of Party's Own Documents.</u>**

No person may disclose, in public or private, any designated information or documents of another party except as provided in this Protective Order, but nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, consultants or experts, information or documents it designates as CONFIDENTIAL. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of it.

**12. <u>Other Protections; Challenge To Confidentiality Designation.</u>**

This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order; (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order; or (c) applying for a further Order modifying this Protective Order in any respect. No party shall be

obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent challenge to the propriety of such designation. On any motion challenging the designation of any document or other record or information as CONFIDENTIAL, the burden of justifying the designation shall lie with the moving party. If a party seeks declassification or removal of particular items designated as CONFIDENTIAL from this Protective Order on the ground that such confidentiality is not necessary to protect the interests of the party furnishing the document, information or other thing, the party seeking such declassification or removal shall give counsel for the other party written notice thereof and the parties shall attempt to resolve the dispute by informal conference. If, after conferring, the parties cannot reach agreement, then either party may seek relief from the Court pursuant to the normal motion practice. In that event, all parties shall continue to treat the disputed information as CONFIDENTIAL until the dispute is resolved by the Court.

**13. <u>Prior Or Public Knowledge.</u>**

This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

**14. <u>Limitation of Protective Order.</u>**

This Protective Order is not intended to fully address discovery objections to produce, answer or respond to the grounds of attorney-client privilege or work product immunity, nor to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

**15. Inadvertent Disclosure Of Work Product Or**

**<u>Privileged Information: Procedure And Waiver.</u>**

Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, *provided* that the producing party shall promptly notify the receiving party in writing of such inadvertent production after the producing party learns of such inadvertent production. If prompt notification is made, such inadvertently produced document and all copies thereof shall not be used, and shall be returned to the producing party or destroyed upon request. In the event of a dispute, the parties shall attempt to resolve the issue by informal conference, and either party may seek relief from the Court pursuant to normal motions practice if the parties cannot resolve the dispute.

**16. <u>Return Of Designated Information.</u>**

Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble, return or destroy, with a certification by counsel that destruction has been effectuated, all material designated as CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party who provided the designated material, except that any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privileged communications may be retained by counsel or destroyed rather than returned.

**17. <u>Waiver Or Termination Of Order.</u>**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this lawsuit, but shall continue until further Order of this Court.

**18. Modification Of Order; Prior Agreements.**

This Stipulated Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. This Protective Order shall not supersede any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

Dated: 3/29/, 2002

WAYCOOL MANUFACTURING, LLC.

By its attorneys,

Cynthia L. Hegarty

Robert L. Meller Jr. (#71219)
Cynthia L. Hegarty (#294627)
BEST & FLANAGAN LLP
4000 U.S. Bank Place
601 Second Avenue South
Minneapolis, MN 55402

PATTERSON FAN CO, INC.;
PATTERSON VENTILATION CO., INC.

By their attorneys,

David P. Pearson (#84712)
WINTHROP & WEINSTEIN, P.A.
60 South 6th Street
3000 Dain Rauscher Plaza
Minneapolis, MN 55402

And

Richard C. Turner
Cynthia W. Weber
Stanislav Torgovitsky
SUGHRUE MION PLLC
2100 Pennsylvania Avenue, N.W.
Washington, DC 20037-3202

**IT IS SO ORDERED**

**DATED:** April 4, 2002

United States ~~District~~ MAGISTRATE Judge

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

WayCool Manufacturing LLC, A Minnesota Limited Liability Corporation,

Plaintiff,

v.

Patterson Fan Company, Inc., and Patterson Ventilation Company, Inc., South Carolina Corporations,

Defendants,

Civil 01-1215 (DWF/AJB)

Patterson Fan Company, Inc., and Patterson Ventilation Company, Inc.

Third Party Plaintiffs,

v.

Robert E. Johnson and Janice A. Johnson, Individuals domiciled in Florida,

Third Party Defendants.

**CONFIDENTIALITY UNDERTAKING**

I certify that I have read the Stipulated Protective Order in the above captioned case and that I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court, District of Minnesota, for any proceedings involving the enforcement of that Order.

EXECUTED this ______ day of ___________________, 19____, at ___________________________.

_______________________________
Signature

_______________________________
Print Name

_______________________________
Affiliation

_______________________________
Business Address

_______________________________

_______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.